This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38624**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**LATRISE B.,**

Child-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Fred T. Van Soelen, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Child challenges the sufficiency of the evidence to support her adjudication of delinquency based on committing battery. In this Court's notice of proposed disposition, we proposed to summarily affirm. Child filed a memorandum in opposition (MIO), which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** Child continues to argue in her MIO, in the absence of testimony from the alleged victim, the evidence was insufficient to establish that Child's act of hitting the alleged victim was unlawful. [MIO 5] Child argues that the proposed summary affirmance is

premised on a misunderstanding of the record in that the alleged victim did not call the police to report a battery by Child, but instead by a third party. [MIO 2, 4-5] Given the testimony that the officer met with the alleged victim prior to the claimed battery, witnessed Child throw the alleged victim to the ground and punch her, and that both Child and the alleged victim appeared to be mad or upset [MIO 2], the fact that Child was not the subject of the alleged victim's initial call to police is not dispositive. That the battery occurred without the alleged victim's consent is a logical inference from the officer's testimony. *See State v. Slade*, 2014-NMCA-088, ¶ 14, 331 P.3d 930 ("A reasonable inference is a conclusion arrived at by a process of reasoning which is a rational and logical deduction from facts admitted or established by the evidence." (alterations, internal quotation marks, and citation omitted)); *cf. State v. Orosco*, 1992-NMSC-006, ¶ 10, 113 N.M. 780, 883 P.2d 1146 (explaining that there must be "evidence or suggestion in the facts, however slight," to put the element of unlawfulness in issue).

{3}     Child has not asserted any fact, law, or argument that persuades us that our analysis of the evidence that the battery was unlawful was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). As we stated in our notice of proposed disposition, "[j]ust because the evidence supporting the conviction was circumstantial does not mean it was not substantial[.]" *State v. Rojo*, 1999-NMSC-001, ¶ 23, 126 N.M. 438, 971 P.2d 829.

{4}     Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm Child's adjudication of delinquency.

{5}     **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**BRIANA H. ZAMORA, Judge**